UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
KENNETH GARRETT,

Plaintiff,

- against -

MARY WALKER, *et al.*,

Defendants.
-------------------------------------------------------x

**MEMORANDUM & ORDER**
25-CV-1300 (PKC) (CHK)

PAMELA K. CHEN, United States District Judge:

*Pro se* Plaintiff Kenneth Garrett brings this action against Defendants Mary Walker ("Walker"), Mark C. Miller ("Miller"), Ben Healey ("Healey"),[1] Paulo Cajaval ("Cajaval"),[2] Verdi Wealth Management ("Verdi"), and Commonwealth Financial Network ("Commonwealth") (collectively, "Defendants"). (Second Am. Compl. ("SAC"), Dkt. 10, at 1.) Plaintiff seeks an order directing Defendants to remit the proceeds of an investment account and for related monetary damages, totaling an amount of $82,000. (*See id.* at 9, 11.) According to the Complaint, Plaintiff is a citizen of New York, (*id.* at 2), whereas Defendants Walker, Miller, and Verdi are citizens of Idaho, (*id.* at 5–6, 9), and Defendants Healey, Cajaval, and Commonwealth are citizens of Massachusetts, (*id.* at 7–8, 10). Plaintiff asserts diversity jurisdiction under 28 U.S.C. § 1332 ("Section 1332"). (*Id.* at 5.)

---

[1] Defendant Ben Healey is incorrectly identified in the Complaint and in the caption as "Ben Healy." (Second Am. Compl. ("SAC"), Dkt. 10, at 1; Defs.' Mem. Supp. Mot. Dismiss ("MTD"), Dkt. 28-1, at 1.) The Clerk of Court is respectfully requested to correct the spelling of this Defendant's name on the docket.

[2] Defendant Paulo Cavajal is incorrectly named in the complaint and in the caption as "Paul Carvhaal." (SAC, Dkt. 10, at 1; MTD, Dkt. 28-1, at 1.) The Clerk of Court is also respectfully requested to correct the spelling of this Defendant's name on the docket.

Before this Court is Defendants' collective motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(2), for improper venue pursuant to Rule 12(b)(3), and for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). (Defs.' Mem. Supp. Mot. Dismiss ("MTD"), Dkt. 28-1, at 1.) In the alternative, Defendants move to compel arbitration under the Federal Arbitration Act, 9 U.S.C. §§ 2–4, or to transfer this action to the United States District Court for the District of Idaho, under 28 U.S.C. §§ 1404(a) and 1406(a). (*Id.*) For the reasons set forth below, the Court dismisses Plaintiff's action for lack of personal jurisdiction, improper venue, and failure to state a claim. Defendants' motion to compel arbitration or transfer venue in the alternative is therefore moot, and the Court does not address those issues.

## BACKGROUND

### I. Factual Background

On March 29, 2022, Norma Schenck ("Ms. Schenck"), Plaintiff's mother, opened an investment account with Defendant Commonwealth, through Verdi in Boise, Idaho. (Decl. of Mary Walker ("Walker Decl."), Dkt. 28-2, ¶ 2; 06/20/2025 Letter, Dkt. 12, at ECF[3] 5.) Upon opening the account, Ms. Schenck signed the Master Services Agreement ("MSA"), which outlined the terms and conditions of her relationship with Commonwealth. (*See* Walker Decl., Dkt. 28-2, ¶ 3; Walker Decl. Ex. A ("MSA"), Dkt. 28-3.) On June 14, 2022, Ms. Schenck executed a Transfer on Death Registration and Beneficiary Form ("TOD"), which designated Plaintiff as a beneficiary of Ms. Schenck's investment account upon her death. (Walker Decl., Dkt. 28-2, ¶ 7; Walker Decl. Ex. B ("TOD"), Dkt. 28-4, at 2.) In relevant part, the TOD states:

[3] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

> You also understand that upon your death, or, if the account is owned by more than one person, the death of the last surviving account owner, Commonwealth may require your beneficiary(ies) to provide us with certain documents, as Commonwealth may deem necessary, prior to moving the assets from your account to the designated beneficiary's(ies') account(s).

(TOD, Dkt 28-4, at 1.)

Upon Ms. Schenck's passing, Plaintiff claimed to be a beneficiary of her account. (Walker Decl., Dkt. 28-2, ¶ 10.) To effectuate the transfer of his share of Ms. Schenk's investment account, Plaintiff was required to open a brokerage account with Commonwealth. (*Id.*) On November 7, 2024, Commonwealth sent Plaintiff an email containing the necessary paperwork. (*Id.* ¶ 12.) Plaintiff never completed the paperwork. (*See id.* ¶ 14.)

Plaintiff alleges that Defendants have denied him payment of proceeds of the investment account. (First Am. Compl. ("FAC"), Dkt. 5, at ECF 9; SAC, Dkt. 10, at 10.)[4] Plaintiff asserts that he is a named beneficiary of the account, and that, on October 31, 2024, he was informed by Defendants Walker and Miller that the proceeds of the account "would be held indefin[i]tely." (FAC, Dkt. 5, at ECF 9.) On November 19, 2024, Plaintiff's request for the proceeds of the brokerage account was denied by Defendants Healey and Cajaval. (*Id.*)

## II. Procedural Background

Plaintiff commenced this action on March 6, 2025, (Compl., Dkt. 1), and filed an Amended Complaint on March 14, 2025, asserting diversity of citizenship under Section 1332 as the basis for this Court's jurisdiction, (FAC, Dkt. 5, at 4). On March 24, 2025, the Court issued an Order

---

[4] "[C]onsistent with the requirement to construe *pro se* pleadings 'liberally with special solicitude,'" the Court considers "the [] factual allegations from both the original and amended complaints." *D'Amato v. Soc. Sec. Admin.*, No. 21-CV-5778 (DG) (ST), 2024 WL 4648145 (E.D.N.Y. Aug. 29, 2024), *report and recommendation adopted*, 2024 WL 4648140 (E.D.N.Y. Sept. 20, 2024) (internal citation omitted).

to Show Cause, finding that Plaintiff "did not state an amount [in controversy]" and "[did] not allege that Defendants reside in this District or that a substantial part of the events or omissions underlying his claim occurred in this District." (03/24/2025 O.S.C.) The Court therefore ordered Plaintiff to show cause why 1) "this action should not be dismissed for lack of subject-matter jurisdiction" or 2) "the matter should not be transferred to the United States District Court for the District of Idaho." (*Id.*) On April 18, 2025, Plaintiff filed the SAC, (SAC, Dkt. 10), which the Court construed as a response to its Order to Show Cause, (04/25/2025 Dkt. Order). In the SAC, Plaintiff alleged that the "amount in controversy that the defendant[s] owe[] the plaintiff is the sum of $82,000." (SAC, Dkt. 10, at 9.) Plaintiff also alleged that the cause of action arose in Queens County, New York. (*Id.* at 10.) The Court declined to dismiss the action for lack of subject-matter jurisdiction and declined to transfer the action. (04/25/2025 Dkt. Order.)

On May 7, 2025, Defendants filed a pre-motion conference ("PMC") request for leave to file a motion to dismiss for lack of subject-matter jurisdiction and for failure to state a claim. (Defs.' Mot. PMC, Dkt. 11.) The request stated, *inter alia*, that Plaintiff's "account statements conclusively establish that the proceeds Plaintiff seeks to recover are valued at no more than approximately between $72,000 and $73,000," less than the amount-in-controversy required for establishing subject-matter jurisdiction under Section 1332. (*Id.* at 2.) On May 12, 2025, the Court denied the PMC request and ordered the parties to engage in jurisdictional discovery before filing any motion to dismiss for lack of subject-matter jurisdiction. (05/12/2025 Dkt. Order.) The Court ordered the parties to complete this discovery by June 23, 2025. (*Id.*) On June 20, 2025, Plaintiff filed a letter with the Court. (06/20/2025 Letter, Dkt. 12.) The letter further described Plaintiff's

claims and argued against Defendants' earlier PMC request.[5] (*Id.*) The Court reminded Plaintiff that it previously denied Defendants' PMC request and ordered limited jurisdictional discovery. (06/26/2025 Dkt. Order.)

On July 16, 2025, Defendants filed another PMC request for leave to file a motion to dismiss. (Defs.' Mot. PMC, Dkt. 13.) The Court found the request was premature on the basis that the parties had not completed jurisdictional discovery. (07/30/2025 Dkt. Order.) However, because Defendants represented that "Plaintiff ha[d] neither responded to Defendants' jurisdictional discovery requests nor issued jurisdictional discovery requests to Defendants," (Defs.' Mot. PMC, Dkt. 13, at 1), the Court ordered a second period of jurisdictional discovery, to be completed by September 15, 2025, (07/30/2025 Dkt. Order). The Court warned Plaintiff that he "must cooperate with the discovery process or risk this case being dismissed." (*Id.*) On September 15, 2025, Defendants filed a status report, advising the Court that Plaintiff had not timely responded to Defendants' jurisdictional discovery requests. (Status Report, Dkt. 18, at 1.) On September 16, 2025, the Court ordered Plaintiff to file a letter by October 3, 2025, either "confirming that he has responded to Defendants' discovery requests or [] showing good cause for his failure to do so." (09/16/2025 Dkt. Order.) Plaintiff subsequently filed two letters with the Court with respect to the jurisdictional discovery process. (*See* 10/17/2025 Letter, Dkt. 24; 10/19/2025 Letter, Dkt. 25.)

On October 10, 2025, Defendants filed a third PMC request and requested leave to file a motion to dismiss for lack of personal jurisdiction and venue and for failure to state a claim, or, in

[5] Plaintiff filed multiple letters, (*see* 06/20/2025 Letter, Dkt. 12; 10/17/2025 Letter, Dkt. 24; 10/19/2025 Letter, Dkt. 25), which the Court construes as supplementing the Complaint. *See, e.g.*, *Partridge v. Authentic Brands Grp., LLC*, 24-CV-8742 (LTS), 2025 WL 3753935, at *1 n.1 (S.D.N.Y. Dec. 29, 2025) (construing plaintiff's letters to the court as supplementing the complaint).

the alternative, to compel arbitration and transfer venue. (Defs.' Mot. PMC, Dkt. 23, at 1.) The Court denied the PMC request as unnecessary and granted Defendants leave to file their motion. (10/29/2025 Dkt. Order.) As instructed by the Court, Defendants served their motion on Plaintiff before November 28, 2025, deadline. (01/16/2026 Letter, Dkt 27.) On January 16, 2026, Defendants filed their motion to dismiss.[6] (Defs.' Mot. Dismiss, Dkt. 28.) Defendants also filed a letter explaining that Plaintiff had failed to respond to their motion to dismiss. (01/16/2026 Letter, Dkt. 27.) The Court then granted Plaintiff an extension, until February 16, 2026, to file his opposition to Defendants' motion. (01/16/2026 Dkt. Order.) On March 19, 2026, Defendants filed another letter informing the Court that Plaintiff still had not responded. (03/19/2026 Letter, Dkt. 29.) As of the date of this Order, Plaintiff still has not filed a response to Defendants' motion to dismiss, nor has Plaintiff addressed any correspondence to the Court since October 2025.

## LEGAL STANDARDS

### I. Rules 12(b)(2) and 12(b)(3): Personal Jurisdiction and Venue

Under Rule 12(b)(2), a court must dismiss an action upon motion if the court does not have personal jurisdiction over the defendant. *In re Ski Train Fire in Kaprun, Austria on Nov. 11, 2000*, 230 F. Supp. 2d 403, 406 (S.D.N.Y. 2002). A defendant may move to dismiss an action for improper venue under Rule 12(b)(3). Separately, if the court concludes that venue is improper, the court can either dismiss the suit or transfer it to another district where the suit could have been brought. 28 U.S.C. § 1406(a); *Minette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1994).

---

[6] While Defendants did not raise personal jurisdiction in their first PMC request, (Defs' Mot. PMC, Dkt. 11), a defendant does not waive its defense of lack of personal jurisdiction by omitting it in a PMC request prior to filing a motion to dismiss. *See J.P. Morgan Chase Bank, N.A. v. L. Off. of Robert Jay Gumenick, P.C.*, No. 08-CV-2154 (VM), 2011 WL 1796298, at *3 (S.D.N.Y. Apr. 22, 2011) ("[T]he Court finds that the [defendant] did not waive its personal jurisdiction defense when it failed to include that in its Pre-Motion Letter.").

In considering motions under Rule 12(b)(2) and 12(b)(3), a district court may rely on pleadings and affidavits, or the court may hold an evidentiary hearing. *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 355 (2d Cir. 2005). If the court decides to rely solely on written materials, "'the plaintiff need make only a prima facie showing of jurisdiction through its own affidavits and supporting materials.'" *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir. 1999) (quoting *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2d Cir. 1981)). In considering the plaintiff's pleadings and evidence as to venue, the court must accept the plaintiff's factual allegations as true and draw all reasonable inferences in favor of the plaintiff. *Pers. v. Google Inc.*, 456 F. Supp. 2d 488, 493 (S.D.N.Y. 2006). And in considering the plaintiff's pleadings and evidence as to personal jurisdiction, the Court assumes the truth of all well-pleaded factual allegations but does not draw "argumentative inferences" in the plaintiff's favor. *Mende v. Milestone Tech., Inc.*, 269 F. Supp. 2d 246, 251 (S.D.N.Y. 2003) (quoting *Robinson v. Overseas Mil. Sales Corp.*, 21 F.3d 502, 507 (2d Cir. 1994)).

## II. Rule 12(b)(6): Failure to State a Claim

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citation omitted). Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted).

Generally, "[i]n adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration 'to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken.'" *Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999) (citation omitted). However, when a plaintiff proceeds *pro se*, the court may consider "materials outside the complaint 'to the extent that they are consistent with the allegations in the complaint[.]'" *Alsaifullah v. Furco*, No. 12-CV-2907 (ER), 2013 WL 3972514, at *4 n.3 (S.D.N.Y. Aug. 2, 2013) (citation omitted).

**III. *Pro Se* Filings**

Complaints by *pro se* plaintiffs are to be examined with "special solicitude," *Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010), including that such complaints are interpreted "to raise the strongest arguments that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (emphasis omitted) (citation omitted), and "held 'to less stringent standards than formal pleadings drafted by lawyers,'" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam) (citation omitted). Nevertheless, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and district courts "cannot invent factual allegations" that the plaintiff has not pleaded. *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (citation omitted).

Where, as here, "a *pro se* plaintiff fails to oppose a motion to dismiss, [a] court must still determine whether the complaint states a claim upon which relief may be granted." *Chandler v. City of New York*, No. 17-CV-4030 (RWL) (PAE), 2018 WL 3387199, at *2 (S.D.N.Y. May 14, 2018), *report & recommendation adopted*, 2018 WL 3384439 (S.D.N.Y. July 11, 2018); *see also McCall v. Pataki*, 232 F.3d 321, 322–23 (2d Cir. 2000) ("If a complaint is sufficient to state a

claim on which relief can be granted, the plaintiff's failure to respond to a Rule 12(b)(6) motion does not warrant dismissal.").

## DISCUSSION

### I. The Court Lacks Personal Jurisdiction Over Defendants

Plaintiff does not allege sufficient facts to make a prima facie showing that the Court has personal jurisdiction over Defendants. The plaintiff bears the burden of establishing personal jurisdiction and must make a prima facie showing that such jurisdiction exists. *Jonas v. Est. of Leven*, 116 F. Supp. 3d 314, 323 (S.D.N.Y. July 27, 2015) (citing *Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 34–35 (2d Cir. 2010)). "Such a showing entails making legally sufficient allegations of jurisdiction, including an averment of facts that, if credited[,] would suffice to establish jurisdiction over the defendant." *Id.* (alteration in original) (quoting *Penguin Grp.*, 609 F.3d at 35). The plaintiff must also "establish [personal] jurisdiction with respect to each claim asserted." *Sunward Elecs., Inc. v. McDonald*, 362 F.3d 17, 24 (2d Cir. 2004).

A district court must look to the law of the state in which it sits to determine whether it has personal jurisdiction over out-of-state defendants. *Bank Brussels Lambert*, 171 F.3d at 784. Here, the Court therefore looks to New York law. "Pursuant to N.Y. C.P.L.R. § 301, a defendant is subject to personal jurisdiction if he is domiciled in New York, served with process in New York, or continuously and systematically does business in New York." *Jonas*, 116 F. Supp. 3d at 323; *see also* N.Y. C.P.L.R. § 301 ("A court may exercise such jurisdiction over persons, property, or status as might have been exercised heretofore."). In addition, a defendant may be subject to New York's long-arm statute, N.Y. C.P.L.R. § 302, if he engages in the following acts, either in person or through an agent, and such acts relate to an asserted claim: (1) "transacts any business within the state or contracts anywhere to supply goods or services in the state"; (2) "commits a tortious act within the state"; (3) "commits a tortious act without the state causing injury to person or

property within the state"; or (4) "owns, uses, or possesses any real property in the state." N.Y. C.P.L.R. § 302(a)(1)–(4).

Here, Plaintiff does not allege facts that sufficiently demonstrate personal jurisdiction over Defendants. He does not allege that Defendants are domiciled in New York or continuously and systematically do business in New York. *See Jonas*, 116 F. Supp. 3d at 323. By contrast, Plaintiff acknowledges that Defendants Walker, Miller, and Verdi are citizens of Idaho, (SAC, Dkt. 10, at 5, 6, 9), and that Defendants Healey, Cajaval, and Commonwealth are citizens of Massachusetts, (*id.* 7, 8, 10). Moreover, Plaintiff does not set forth any facts demonstrating that Defendants are subject to New York's long-arm statute. *See* N.Y. C.P.L.R. § 302. While the SAC states that "[a]ll events and/or omissions regarding this matter have taken place in Queens County, New York," (SAC, Dkt. 10, at 10), there are virtually no factual allegations that support this conclusory statement. The only event that allegedly took place in Queens was Plaintiff receiving communications from Defendants about what he needed to do to effectuate the transfer of his share of his mother's investment account. (*See* FAC, Dkt. 5, at ECF 9; Walker Decl., Dkt. 28-2, ¶¶ 10, 12.) But these communications do not satisfy any requirement for jurisdiction under New York's long-arm statute. The communications were not the result of Defendants "transact[ing] . . . business within the state," N.Y. C.P.L.R. § 302(a)(1), but were the result of *Plaintiff* contacting Defendants to transact business related to his mother's account. *See Maranga v. Vira*, 386 F. Supp. 2d 299, 306 (S.D.N.Y. 2005) ("New York courts have consistently refused to sustain section 302(a)(1) jurisdiction solely on the basis of defendant's communication from another locale with a party in New York." (quoting *Beacon Enters., Inc. v. Menzies*, 715 F.2d 757, 766 (2d Cir. 1983))). Nor did these communications constitute "a tortious act within the state" or one committed outside "the state causing injury to person or property within the state[.]" N.Y.

C.P.L.R. § 302(2), (3). Although Plaintiff, who resides in the District, asserts that Defendants wrongfully deprived him of his mother's money, (SAC, Dkt. 10, at 2, 10), he fails to assert or state a claim sounding in tort. Finally, Plaintiff does not allege that Defendants "own[], use[], or assess[] any real property situated within the state." N.Y. C.P.L.R. § 302(a)(4).

In sum, Plaintiff's "[v]ague and conclusory allegations . . . are insufficient to establish personal jurisdiction" over the Defendants. *In re Bayou Hedge Fund Inv. Litig.*, 472 F. Supp. 2d 534, 538 (S.D.N.Y. 2007); *see also Jazini v. Nissan Motor Co.*, 148 F.3d 181, 185 (2d Cir. 1998) (holding that "conclusory non-fact-specific jurisdictional allegations" do not make out a prima facie case for extending jurisdiction). The Court therefore lacks personal jurisdiction over Defendants.

## II. Venue is Not Proper in this District

Under 28 U.S.C. § 1391(b) ("Section 1391(b)"), the three locations where venue is proper are: "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action at issue. *Id.* § 1391(c)(1), (2).

Plaintiff fails to allege facts supporting venue in this District. First, Plaintiff has not asserted that any Defendant resides in the Eastern District of New York. *Id.* § 1391(b)(1). Second, while Plaintiff alleges that "[a]ll events and/or omissions regarding this matter have taken place in

Queens County, New York," (SAC, Dkt. 10, at 10), the Court is "not bound to accept as true a legal conclusion couched as factual allegation, nor [is it] required to accept as true allegations that are wholly conclusory." *Ungar v. JetBlue Airways Corp.*, 24-CV-1494 (RA), 2025 WL 2711194, at *4 (S.D.N.Y. Sep. 23, 2025) (alteration in original) (quoting *Krys v. Pigott*, 749 F.3d 117, 128 (2d Cir. 2014)) (rejecting similar allegations). As discussed, Plaintiff alleges no facts to show that a substantial part of the events or omissions giving rise to his claim occurred in this District other than the fact that he resides in Queens, New York, and communicated with Defendants from this District. This is not enough to establish proper venue. *See Redmond v. House of Monty Hill, LLC*, No. 23-CV-7549 (BMC), 2023 WL 7091916, at *1 (E.D.N.Y. Oct. 26, 2023) ("Plaintiff resides here but Plaintiff's residence is not a basis for venue."); *see also Lehrer v. J&M Monitoring, Inc.*, No. 20-CV-6956 (KMK), 2022 WL 2392441, at *9 (S.D.N.Y. July 1, 2022) ("As has been stated in myriad contexts for venue determinations under 28 U.S.C. § 1391(b)(2), the acts of the defendants, not the activities of or harm to the plaintiff, determine where venue properly lies." (citation modified)). Third, Plaintiff has failed to establish that this Court has personal jurisdiction over Defendants. *See supra* Section I. Plaintiff thus also fails to show that venue is proper in this District under Section 1391(b)(3).[7]

## III. Plaintiff Fails to State a Claim

### A. Breach of Contract

Although Plaintiff does not explicitly plead breach of contract, he asserts that he is a named beneficiary of the investment account owned by his late mother, that Defendants have wrongly

[7] Although the Court can either dismiss an action or transfer it to another district if the Court concludes that venue is improper, *see* 28 U.S.C. § 1406(a); *Minette*, 997 F.2d at 1026, the Court chooses to dismiss this action given that Plaintiff has also failed to state a claim.

denied him payment of the proceeds from the investment account, and that, as a named beneficiary, he has the right to enforce the terms of the contract. (*See* 06/20/2025 Letter, Dkt. 12, at ECF 5.)[8]

Under New York law,[9] a plaintiff alleging breach of contract must show "(1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages." *DeFlora Lake Dev. Assocs., Inc. v. Park*, 654 F. App'x 9, 10 (2d Cir. 2016) (summary order) (quoting *Harsco Corp. v. Segui*, 91 F.3d 337, 348 (2d Cir. 1996));

---

[8] Plaintiff has noted that he "never at any point, alleged a breach of anything . . . not to anyone!" Plaintiff has also noted, however, that "if there is any breach of contract, it is a posthumous one . . . of a figurative nature, that is between [Defendants] and [his] deceased mother, who passed on believing that they would carry-out [*sic*] her last wishes and forward her beneficiary proceeds to her primary beneficiary . . . me; her son!" (06/20/2025 Letter, Dkt. 12, at ECF 5.) Thus, Plaintiff's argument seems to be that he is an intended third-party beneficiary of Ms. Schenck's contracts with Defendants and that Plaintiff has the right to enforce these contracts.

[9] Neither Plaintiff nor Defendants have addressed choice of law in their papers. Defendants' papers exclusively cite to cases applying New York law. (*See, e.g.*, MTD, Dkt. 28-1, at 10.) "[C]ourts in this circuit have applied the law of the forum state where the parties have failed to address the issue and also cited exclusively to the forum state's laws." *Herrschaft v. Nat'l Transp., Inc.*, No. 21-CV-5618 (PKC) (JRC), 2023 WL 12056617, at *3 (E.D.N.Y. Aug. 2, 2023) (collecting cases).

Moreover, the Court may still apply New York law even though the MSA contains a choice of law provision, which states that "[t]he laws of the Commonwealth of Massachusetts govern this MSA and its enforcement." (MSA, Dkt. 28-3, at ECF 21.) The first step under New York's choice of law analysis is "to determine whether there is an actual conflict between the laws of the jurisdictions involved." *Globalnet Financial.com, Inc. v. Frank Crystal & Co.*, 449 F.3d 377, 382 (2d Cir. 2006) (quoting *In re Allstate Ins. Co., (Stolarz)*, 81 N.Y.2d 219, 223 (1993)). "If there is no conflict, and 'New York law is among the relevant choices, New York courts are free to apply it.'" *Asinga v. Gatorade Co.*, 182 F.4th 222, 227 (2d Cir. 2026) (quoting *IBM Corp. v. Liberty Mut. Ins. Co.*, 363 F.3d 137, 143 (2d Cir. 2004)). The elements of a breach of contract claim are substantially the same under Massachusetts and New York law. *Compare Bulwer v. Mount Auburn Hosp.*, 473 Mass. 672, 690 (2016) ("To prevail on a breach of contract, a plaintiff must demonstrate that there was an agreement between the parties; the agreement was supported by consideration; the plaintiff was ready, willing, and able to perform his or her part of the contract; the defendant committed a breach of the contract; and the plaintiff suffered harm as a result."), *with Russo v. Estee Lauder Corp.*, 856 F. Supp. 2d 437, 460 (E.D.N.Y. 2012) ("Pursuant to New York law, the elements of a breach of contract claim are 'the existence of a contract, the plaintiff's performance thereunder, the defendant's breach thereof, and resulting damages.'" (quoting *Harris v. Seward Park Hous. Corp.*, 913 N.Y.S.2d 161, 162 (1st Dep't 2010))).

*Hudson & Broad, Inc. v. J.C. Penney Corp.*, 553 F. App'x 37, 38 (2d Cir. 2014) (summary order) (same). Moreover, "[i]n a breach of a contract case, a plaintiff must plead," *inter alia*, "performance of the plaintiff's obligations under the contract." *Thales Alenia Space Fr. v. Thermo Funding Co., LLC*, 959 F. Supp. 2d 459, 464 (S.D.N.Y. 2013) (quoting *Diesel Props S.r.l. v. Greystone Bus. Credit II LLC*, 631 F.3d 42, 52 (2d Cir. 2011)).

In this case, there is no express contract between Plaintiff and Defendants, but Plaintiff seems to argue that because he is listed as a primary beneficiary of the TOD,[10] he may enforce that contract according to its terms. (*See* 06/20/2025 Letter, Dkt. 12, at ECF 5; TOD, Dkt. 28-4, at ECF 3.) The Court disagrees.

Even assuming *arguendo* that, as a named beneficiary of the TOD, Plaintiff may enforce that agreement, he still has not alleged that he adequately performed his obligations under the TOD. Indeed, Defendants argue that Plaintiff failed to perform the terms of the TOD[11] by refusing to provide certain information. Defendants specifically point to the following portion of the TOD, which states:

> You also understand that upon your death, or, if the account is owned by more than one person, the death of the last surviving account owner, Commonwealth may require your beneficiary(ies) to provide us with certain documents, as Commonwealth may deem necessary, prior to moving the assets from your account to the designated beneficiary's(ies') account(s).

---

[10] The Court may consider this document at the motion to dismiss stage as it is "integral" to the complaint. *Paul Rudolph Found. v. Paul Rudolph Heritage Found.*, No. 20-CV-8180 (CM), 2022 WL 4109723, at *8 (S.D.N.Y. Sep. 8, 2022) ("When considering a motion to dismiss, the court 'may consider any . . . documents upon which the complaint relies, and which are integral to the complaint.'" (quoting *Subaru Distribs. Corp. v. Subaru of Am., Inc.*, 425 F.3d 119, 122 (2d Cir. 2005))).

[11] Defendants also assert that there is no breach of the MSA. However, Plaintiff does not seem to claim that Defendants breached that contract.

(MTD, Dkt. 28-2, at 11 (quoting TOD, Dkt. 28-4, at 2).) Plaintiff, however, concedes that Defendants asked him to fill out certain forms to provide them with personal information, and that he never complied with these requests.[12] (*See* 06/20/2025 Letter, Dkt. 12, at ECF 11, 13.) This claim must therefore be dismissed. Plaintiff has not alleged his performance of his contractual obligations under the TOD, which is the only arguable contract with Defendants that Plaintiff might be able to enforce. *See Thales Alenia Space Fr.*, 959 F. Supp. 2d at 464 ("In a breach of contract case, a plaintiff must plead," among other elements, "performance of the plaintiff's obligations under the contract." (quoting *Diesel Props S.r.l. v. Greystone Bus. Credit II LLC*, 631 F.3d 42, 52 (2d Cir. 2011))).

**IV. Leave to Amend**

The Second Circuit has held that leave to amend the complaint should be liberally granted to *pro se* litigants. *See Grullon v. City of New Haven*, 720 F.3d 133, 140 (2d Cir. 2013) ("[A] *pro se* complaint generally should not be dismissed without granting the plaintiff leave to amend at least once."). "[B]ut amendment should be denied where the complaint gives no 'indication that a valid claim might be stated.'" *McKie v. Kornegay*, No. 21-1943, 2022 WL 4241355, at *3 (2d

[12] Plaintiff never filled out the required paperwork or provided Defendants with the necessary information. (*See* 06/20/2025 Letter, Dkt. 12, at ECF 11, 13.) However, Plaintiff, to the extent the Court can decipher, contends that the requested paperwork was not necessary or required, and that the information Defendants allegedly asked for—"marital status; annual income; level of education; occupation; currently held financial assets; etc."—"was all just a marketing ploy to gain a new client!" (*Id.* at ECF 13.) This allegation is conclusory, has no basis in fact, and borders on the frivolous. (*See e.g.*, *id.* at ECF 13 (arguing that "Commonwealth Financial Network, its subsidiary Verdi Wealth Management, and more than likely the rest of their industry" deceive named beneficiaries such as Plaintiff into "signing up, and registering with their company as new clients . . . . for profit! They lose one client, but replace them with another, so that their bottom line remains unaffected").) Even in a *pro se* case, the Court is not required to accept allegations that are factually baseless or conclusory. *See Garvin v. Artist*, No. 08-CV-5285 (PAC) (FM), 2012 WL 1428904, at *6 (S.D.N.Y. Apr. 25, 2012); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[A] complaint . . . is frivolous where it lacks an arguable basis either in law or in fact.").

Cir. Sep. 15, 2022) (summary order) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)); *see Hakaniemi v. Zuckerberg*, No. 21-CV-4345 (PKC) (LB), 2021 WL 3566221, at *2 (E.D.N.Y. Aug. 12, 2021) (dismissing *pro se* complaint as frivolous and denying leave to amend where complaint was "devoid of any arguable basis in fact or in law, defects which cannot be cured by amendment"). Here, the Court concludes that granting leave to amend would be futile and declines to do so.

**CONCLUSION**

For the reasons set forth above, the Court dismisses Plaintiff's action for lack of personal jurisdiction, improper venue, and failure to state a claim. The Clerk of Court is respectfully directed to close this case and enter judgment.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: September 28, 2026
Brooklyn, New York